KELLIE M. MURPHY (SBN 189500)
ROBERT H. JOHNSON (SBN 048067)
JOHNSON SCHACHTER & LEWIS
A Professional Law Corporation
California Plaza
2180 Harvard Street, Suite 560
Sacramento, CA 95815
Telephone: (916) 921-5800
Facsimile: (916) 921-0247

Attorneys for Defendant and Counterclaimant ANNE S. HALE

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ANIMAL BLOOD BANK, INC., a California corporation; MICHAEL W. KAUFMAN, an individual; and PATRICIA M. KAUFMAN, an individual,

Plaintiffs,

v.

ANNE S. HALE, an individual,

Defendant.

---

ANNE S. HALE, an individual,

Counterclaimant,

v.

ANIMAL BLOOD BANK, INC., a California corporation; MICHAEL W. KAUFMAN, an individual; and PATRICIA M. KAUFMAN, an individual,

Counterdefendants.

**CASE NO. 2:10-cv-02080-FCD-KJN**

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS**

**JURY TRIAL DEMANDED**

///

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

Defendant ANNE S. HALE answers Plaintiffs ANIMAL BLOOD BANK, INC. ("ABB"), MICHAEL W. KAUFMAN, and PATRICIA M. KAUFMAN's Complaint as follows:

THE PARTIES

1. To the extent the allegations set forth in Paragraph 1 are legal contentions and conclusions, no response is required. Defendant admits the allegations set forth in Paragraph 1.

2. Defendant admits that Michael W. Kaufman is a member of the ABB board of directors and a shareholder of ABB, and that he owns 3,817 of ABB's 10,000 outstanding shares, or 38.17% of the total outstanding shares of ABB. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 2.

3. Defendant admits that Patricia M. Kaufman is a member of the ABB board of directors and a shareholder of ABB, and that she owns 3,817 of ABB's 10,000 outstanding shares, or 38.17% of the total outstanding shares of ABB. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 2.

4. Defendant is informed and believes that Michael W. Kaufman and Patricia M. Kaufman are husband and wife. Defendant admits that Michael W. Kaufman and Patricia M. Kaufman together they own a majority of the shares of ABB. Defendant denies the remaining allegations set forth in Paragraph 4.

5. Defendant admits the allegations set forth in Paragraph 5. Defendant denies that her resignation was voluntarily and expressly alleges that she was constructively discharged from her employment with ABB after she was wrongfully and forcibly removed from her positions as President and Chief Executive Officer and placed on administrative leave.

6. The allegations set forth in Paragraph 6 are legal contentions and conclusions to which no response is required. Defendant denies that Plaintiffs' damages exceed $75,000.00 and further denies that Plaintiffs have suffered or will suffer any damages as a result of any act or omission of Defendant.

7. The allegations set forth in Paragraph 7 are legal contentions and conclusions to

which no response is required. Defendant denies that she "regularly conducted business in California."

8. The allegations set forth in Paragraph 8 are legal contentions and conclusions to which no response is required. Defendant denies that a "substantial part of the acts or omissions giving rise to Plaintiffs' claims" occurred in California.

INTRADISTRICT ASSIGNMENT

9. To the extent the allegations set forth in Paragraph 9 are legal contentions and conclusions, no response is required. Defendant denies the remaining allegations set forth in Paragraph 9 and specifically denies that a "substantial part of the events or omissions giving rise to the claims alleged" occurred in Solano County.

GENERAL ALLEGATIONS

PLAN AND AGREEMENT OF MERGER

10. Defendant admits the allegations set forth in Paragraph 10.

11. To the extent the allegations set forth in Paragraph 11 constitute legal contentions and conclusions, no response is required. Defendant admits the factual allegations set forth in Paragraph 11.

12. Defendant admits the allegations set forth in Paragraph 12.

13. Defendant admits the allegations set forth in Paragraph 13.

14. Defendant admits the allegations set forth in Paragraph 14.

15. Defendant admits the allegations set forth in Paragraph 15.

16. Defendant denies the allegations set forth in Paragraph 16.

17. Defendant denies the allegations set forth in Paragraph 17 as phrased. Defendant admits that the Plan and Agreement of Merger contains the following language: "In any action or proceeding brought by or on behalf of any party as a result of a breach of this Agreement, or to establish, maintain, or enforce any right or remedy under this Agreement, the prevailing party shall be entitled to recover, in addition to costs and expenses incurred, reasonable attorneys' fees and costs."

///

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

SHAREHOLDER AGREEMENT

18. Defendant admits that she and the Kaufmans entered into a Shareholder Agreement effective June 3, 2008. Defendant denies all remaining allegations set forth in Paragraph 18, and specifically denies that the document attached as Exhibit B is a complete copy of the Shareholder Agreement.

19. Defendant admits the allegations set forth in Paragraph 19.

20. Defendant admits the allegations set forth in Paragraph 20.

21. Defendant denies the allegations set forth in Paragraph 21 as phrased. Defendant admits that Paragraph 4 of the Shareholder Agreement contains the following language: "The Shareholders agree to amend the Articles of Incorporation of the Corporation to provide that none of the following actions may be taken by them or by the Corporation without the unanimous approval of Shareholders." Defendant further admits that the actions described in Paragraphs 21(a) through 21(d) are among the actions listed in Paragraph 4 of the Shareholder Agreement.

22. Defendant admits the allegations set forth in Paragraph 22.

23. Defendant admits that the Shareholder Agreement does not address conflicts or deadlocks between the Shareholders. Defendant denies the remaining allegations set forth in Paragraph 23.

DEFENDANT ORDERS AN UNAUTHORIZED PAYMENT TO HERSELF[1]

24. Defendant admits that ABB's Michigan offices and facilities are located at 4983 Bird Drive, Stockbridge, Michigan, and that the property is owned by Trianco, L.L.C. Defendant denies the remaining allegations set forth in Paragraph 24.

25. Defendant admits the allegations set forth in Paragraph 25.

26. Defendant denies the allegations set forth in Paragraph 26.

27. Defendant denies the allegations set forth in Paragraph 27.

///

[1] To the extent this heading is intended to be or can be construed to be an allegation, Defendant denies such allegation.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

DEFENDANT ENTERS INTO AGREEEMENTS WITH HAEMONETICS CORPORATION[2]

28. Defendant admits that the Board of Directors of ABB held a meeting in June 2009, at which the Directors decided to put a hold on the lyophilized platelet project ABB had previously undertaken until Defendant could show that the corporate accounts payable and the corporate accounts receivable were equal prior to the project commencement. Defendant further admits that she provided the requested information to Plaintiffs in September 2009, and advised Plaintiffs that approximately $20,000.00 in matching grant money was available for a portion of the project. Defendant further admits that the Directors agreed to and did hire consultants. Defendant denies the remaining allegations set forth in Paragraph 28.

29. Defendant admits that she signed an agreement with Haemonetics on behalf of ABB ("the Supply Agreement"), but denies that she did so without the knowledge and consent of the Kaufmans. Defendant admits that the document attached as Exhibit D to the Complaint is an incomplete and unsigned copy of the Haemonetics Supply Agreement. Defendant denies the remaining allegations set forth in Paragraph 29.

30. Defendant admits that the Supply Agreement included the purchase by ABB of 3 MCS+9000 machines at a cost of $14,275.00 per machine, for a total cost of $42,825.00. Defendant denies the remaining allegations set forth in Paragraph 30.

31. Defendant admits that the Supply Agreement included the agreement by Haemonetics to supply ABB with MCS+ NNC 125 ML collection sets upon the submission by ABB of purchase orders for those products, with an annual purchase target of 3,900 sets and a total purchase target of 11,700 sets at a cost of $110.00 each. Defendant denies the remaining allegations set forth in Paragraph 31.

32. Defendant denies the allegations set forth in Paragraph 32.

33. Defendant denies the allegations set forth in Paragraph 33.

34. Defendant is without knowledge or information sufficient to form a belief as to

---

2 To the extent this heading is intended to be or can be construed to be an allegation, Defendant denies such allegation.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

the truth of the allegations set forth in Paragraph 34 regarding ABB's current use of the collection sets. Defendant denies the remaining allegations set forth in Paragraph 34.

35. Defendant admits that she signed an agreement with Haemonetics on behalf of ABB ("the Equipment Agreement"), but denies that she did so without the knowledge and consent of the Kaufmans. Defendant admits that the document attached as Exhibit E to the Complaint is an incomplete and unsigned copy of the Equipment Agreement. Defendant denies the remaining allegations set forth in Paragraph 35.

36. Defendant admits that the Equipment Agreement included the purchase by ABB of 1 Refurbished MCS+9000 at a cost of $10,500.00. Defendant denies the remaining allegations set forth in Paragraph 36.

37. Defendant denies the allegations set forth in Paragraph 37.

DEFENDANT'S CONDUCT HAS CAUSED FINANCIAL ISSUES FOR ABB[3]

38. To the extent that the allegations set forth in Paragraph 38 constitute contentions of law, no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 regarding the amount or status of ABB's accounts payable. Defendant expressly denies that Plaintiffs suffered any harm, including financial harm, as a result of any decision-making, conduct, or omission on her part. Defendant denies the remaining allegations set forth in Paragraph 38.

39. Defendant expressly denies that Plaintiffs suffered any harm, including financial harm, as a result of any decision-making, conduct, or omission on her part. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 regarding the alleged demands and threats made by ABB vendors. Defendant denies the remaining allegations set forth in Paragraph 39.

40. To the extent the allegations set forth in Paragraph 40 constitute contentions of law, no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 regarding the alleged liabilities

[3] To the extent this heading is intended to be or can be construed to be an allegation, Defendant denies such allegation.

of ABB. Defendant expressly denies that Plaintiffs suffered any harm, including financial harm, as a result of any decision-making, conduct, or omission on her part. Defendant denies the remaining allegations set forth in Paragraph 40.

41. To the extent the allegations set forth in Paragraph 41 constitute contentions of law, no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 regarding ABB's potential tax liabilities and income tax issues. Defendant expressly denies that Plaintiffs suffered any harm, including financial harm, as a result of any decision-making, conduct, or omission on her part. Defendant denies the remaining allegations set forth in Paragraph 41.

42. To the extent the allegations set forth in Paragraph 42 constitute contentions of law, no response is required. Defendant denies the remaining allegations set forth in Paragraph 42.

FIRST CLAIM FOR RELIEF

(Breach of Contract)

43. Defendant re-alleges and incorporates herein by reference her responses to Paragraphs 1 through 42.

44. To the extent the allegations set forth in Paragraph 44 constitute contentions of law, no response is required. Defendant denies the remaining allegations set forth in Paragraph 44.

45. To the extent the allegations set forth in Paragraph 45 constitute contentions of law, no response is required. Defendant denies the remaining allegations set forth in Paragraph 45.

46. To the extent the allegations set forth in Paragraph 46 constitute contentions of law, no response is required. Defendant denies the remaining allegations set forth in Paragraph 46.

47. To the extent the allegations set forth in Paragraph 47 constitute contentions of law, no response is required. Defendant denies the remaining allegations set forth in Paragraph 47.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

48. The allegations set forth in Paragraph 48 are legal contentions and conclusions, to which no response is required. Defendant expressly denies that Plaintiffs have sustained any injury, damage, or loss by reason of any act or omission on her part, and further denies that Plaintiffs were or will be damaged in any sum or sums whatsoever, or at all.

SECOND CLAIM FOR RELIEF

(Breach of Fiduciary Duty)

49. Defendant re-alleges and incorporates herein by reference her responses to Paragraphs 1 through 42.

50. The allegations set forth in Paragraph 50 are legal contentions and conclusions, to which no response is required. Defendant expressly denies that she engaged in any unlawful conduct with respect to Plaintiffs or otherwise.

51. The allegations set forth in Paragraph 51 are legal contentions and conclusions, to which no response is required. Defendant expressly denies that she engaged in any unlawful conduct with respect to Plaintiffs or otherwise.

52. The allegations set forth in Paragraph 52 are legal contentions and conclusions, to which no response is required. Defendant expressly denies that Plaintiffs have sustained any injury, damage, or loss by reason of any act or omission on her part, and further denies that Plaintiffs were or will be damaged in any sum or sums whatsoever, or at all.

THIRD CLAIM FOR RELIEF

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

53. Defendant re-alleges and incorporates herein by reference her responses to Paragraphs 1 through 42.

54. Defendant admits that she and Plaintiffs were parties to the Merger Agreement and the Shareholder Agreement. The remaining allegations set forth in Paragraph 54 are legal contentions and conclusions, to which no response is required.

55. The allegations set forth in Paragraph 55 are legal contentions and conclusions, to which no response is required.

56. Defendant denies the allegations set forth in Paragraph 56.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

57. The allegations set forth in Paragraph 57 are legal contentions and conclusions, to which no response is required.

58. The allegations set forth in Paragraph 58 are legal contentions and conclusions, to which no response is required. Defendant expressly denies that she engaged in any unlawful conduct with respect to Plaintiffs or otherwise. Defendant further expressly denies that Plaintiffs have sustained any injury, damage, or loss by reason of any act or omission on her part, and further denies that Plaintiffs were or will be damaged in any sum or sums whatsoever, or at all.

FOURTH CLAIM FOR RELIEF

(Misappropriation of Trade Secrets)

59. Defendant re-alleges and incorporates herein by reference her responses to Paragraphs 1 through 42.

60. The allegations set forth in Paragraph 60 are legal contentions and conclusions, to which no response is required.

61. To the extent the allegations set forth in Paragraphs 61 constitute contentions of law, no response is required. Defendant admits that ABB took steps to secure its computers and the information contained thereon from outside sources. Defendant denies the remaining allegations set forth in Paragraph 61.

62. To the extent the allegations set forth in Paragraphs 62 constitute contentions of law, no response is required. Defendant admits that ABB took steps generally to secure its computers and the information contained thereon from outside sources. Defendant further admits that she was familiar with information used by ABB regarding animal donors and facilities. Defendant further admits that such information remains on her laptop computer, but expressly alleges that the information has been retained at the direction of Plaintiffs. Defendant denies that she maintains printed records of the information referenced in Paragraph 62. Defendant denies the remaining allegations set forth in Paragraph 62.

63. Defendant denies the allegations set forth in Paragraph 63.

64. The allegations set forth in Paragraph 64 are legal contentions and conclusions, to which no response is required. Defendant expressly denies that she engaged in any unlawful

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

conduct with respect to Plaintiffs or otherwise. Defendant further expressly denies that Plaintiffs have sustained any injury, damage, or loss by reason of any act or omission on her part, and further denies that Plaintiffs were or will be damaged in any sum or sums whatsoever, or at all.

65. The allegations set forth in Paragraph 65 are legal contentions and conclusions, to which no response is required. Defendant expressly denies that she engaged in any unlawful conduct with respect to Plaintiffs or otherwise. Defendant further expressly denies that Plaintiffs have sustained any injury, damage, or loss by reason of any act or omission on her part, and further denies that Plaintiffs were or will be damaged in any sum or sums whatsoever, or at all.

66. The allegations set forth in Paragraph 66 are legal contentions and conclusions, to which no response is required. Defendant expressly denies that she engaged in any unlawful conduct with respect to Plaintiffs or otherwise. Defendant further expressly denies that Plaintiffs have sustained any injury, damage, or loss by reason of any act or omission on her part, and further denies that Plaintiffs were or will be damaged in any sum or sums whatsoever, or at all.

67. The allegations set forth in Paragraph 67 are legal contentions and conclusions, to which no response is required. Defendant expressly denies that she engaged in any unlawful conduct with respect to Plaintiffs or otherwise.

## FIFTH CLAIM FOR RELIEF

(Fraud)

68. Defendant re-alleges and incorporates herein by reference her responses to Paragraphs 1 through 42.

69. To the extent the allegations set forth in Paragraph 69 (including (a) through (e)) constitute contentions of law, no response is required. Defendant admits that the language quoted in (a) is contained in the Plan and Agreement of Merger on page 4 in Article 3.3, and that she made that representation and warranty as part of that agreement. Defendant admits the allegations set forth in Paragraph 69(d). Defendant admits that she advised Plaintiffs Michael W. Kaufman and Patricia M. Kaufman in September 2009 that a matching grant in the amount of $20,000.00 was available for a clean room to be constructed. Defendant denies the remaining allegations set forth in Paragraph 69.

70. Defendant admits that she signed a commercial lease with Pitt County Development Commission that listed Trianco, L.L.C. as the lessee, and expressly alleges that she did so for a limited, interim period pending approval of a lease listing ABB as the lessee. Plaintiff further alleges she made the payments on that lease without contribution or reimbursement from Plaintiffs. Defendant denies the remaining allegations set forth in Paragraph 70.

71. Defendant denies the allegations set forth in Paragraph 71.

72. Defendant denies the allegations set forth in Paragraph 72.

73. The allegations set forth in Paragraph 73 are legal contentions and conclusions, to which no response is required. Defendant expressly denies that she engaged in any unlawful conduct with respect to Plaintiffs or otherwise. Defendant further expressly denies that Plaintiffs have sustained any injury, damage, or loss by reason of any act or omission on her part, and further denies that Plaintiffs were or will be damaged in any sum or sums whatsoever, or at all.

74. The allegations set forth in Paragraph 74 are legal contentions and conclusions, to which no response is required. Defendant expressly denies that she engaged in any unlawful conduct with respect to Plaintiffs or otherwise. Defendant further expressly denies that Plaintiffs have sustained any injury, damage, or loss by reason of any act or omission on her part, and further denies that Plaintiffs were or will be damaged in any sum or sums whatsoever, or at all.

SIXTH CLAIM FOR RELIEF

(Corporate Waste)

75. Defendant re-alleges and incorporates herein by reference her responses to Paragraphs 1 through 42.

76. The allegations set forth in Paragraph 76 are legal contentions and conclusions, to which no response is required. Defendant expressly denies that she engaged in any unlawful conduct with respect to Plaintiffs or otherwise. Defendant further expressly denies that Plaintiffs have sustained any injury, damage, or loss by reason of any act or omission on her part, and further denies that Plaintiffs were or will be damaged in any sum or sums whatsoever, or at all.

77. The allegations set forth in Paragraph 77 are legal contentions and conclusions, to

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

which no response is required. Defendant expressly denies that she engaged in any unlawful conduct with respect to Plaintiffs or otherwise. Defendant further expressly denies that Plaintiffs have sustained any injury, damage, or loss by reason of any act or omission on her part, and further denies that Plaintiffs were or will be damaged in any sum or sums whatsoever, or at all.

SEVENTH CLAIM FOR RELIEF

(Accounting)

78. Defendant re-alleges and incorporates herein by reference her responses to Paragraphs 1 through 42.

79. To the extent the allegations set forth in Paragraph 79 are legal contentions and conclusions, no response is required. Defendant denies the remaining allegations set forth in Paragraph 79. Defendant expressly denies that she engaged in any unlawful conduct with respect to Plaintiffs or otherwise.

80. To the extent the allegations set forth in Paragraph 80 are legal contentions and conclusions, no response is required. Defendant denies the remaining allegations set forth in Paragraph 80. Defendant expressly denies that she engaged in any unlawful conduct with respect to Plaintiffs or otherwise.

EIGHTH CLAIM FOR RELIEF

(Declaratory Relief)

81. Defendant re-alleges and incorporates herein by reference her responses to Paragraphs 1 through 42.

82. To the extent the allegations set forth in Paragraph 82 are legal contentions and conclusions, no response is required. Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 82 regarding Plaintiff's contentions. Defendant admits that her contentions are contrary to those set forth in Paragraph 82. Defendant denies the remaining allegations set forth in Paragraph 82.

83. The allegations set forth in Paragraph 83 are legal contentions and conclusions, to which no response is required.

84. The allegations set forth in Paragraph 84 are legal contentions and conclusions, to

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

which no response is required.

NINTH CLAIM FOR RELIEF

(Unfair Business Practices – California Business and Professions Code § 17200 *et seq.*)

85. Defendant re-alleges and incorporates herein by reference her responses to Paragraphs 1 through 42.

86. The allegations set forth in Paragraph 86 are legal contentions and conclusions, to which no response is required.

87. The allegations set forth in Paragraph 87 are legal contentions and conclusions, to which no response is required. Defendant expressly denies that she engaged in any unlawful conduct with respect to Plaintiffs or otherwise.

88. The allegations set forth in Paragraph 88 are legal contentions and conclusions, to which no response is required. Defendant expressly denies that she engaged in any unlawful conduct with respect to Plaintiffs or otherwise.

89. Defendant denies the allegations set forth in Paragraph 89. Defendant expressly denies that she engaged in any unlawful conduct with respect to Plaintiffs or otherwise.

90. Defendant denies the allegations set forth in Paragraph 90. Defendant expressly denies that she engaged in any unlawful conduct with respect to Plaintiffs or otherwise. Defendant further expressly denies that Plaintiffs have sustained any injury, damage, or loss by reason of any act or omission on her part, and further denies that Plaintiffs were or will be damaged in any sum or sums whatsoever, or at all.

91. Defendant denies the allegations set forth in Paragraph 91. Defendant expressly denies that she engaged in any unlawful conduct with respect to Plaintiffs or otherwise. Defendant further expressly denies that Plaintiffs have sustained any injury, damage, or loss by reason of any act or omission on her part, and further denies that Plaintiffs were or will be damaged in any sum or sums whatsoever, or at all.

**GENERAL DENIAL**

Defendant generally denies each and every, all and singular, conjunctively and disjunctively, the allegations contained in each and every claim for relief unless specifically

admitted above, and further denies generally and specifically that Plaintiffs sustained any injury, damage, or loss by reason of any act or omission on the part of Defendant, and further denies that Plaintiffs were or will be damaged in any sum or sums whatsoever, or at all.

## AFFIRMATIVE DEFENSES

1. One or more claims for relief in the Complaint fails to state a claim upon which relief may be granted.

2. One or more claims for relief in the Complaint are barred because Plaintiffs failed to perform all conditions, covenants, and promises required of them by the contracts alleged in the Complaint, and themselves breached such contracts.

3. One or more claims for relief in the Complaint are barred by the doctrine of unclean hands.

4. One or more claims for relief in the Complaint are barred because Defendant acted in good faith.

5. One or more claims for relief in the Complaint are barred by the doctrine of equitable estoppel.

6. One or more claims for relief in the Complaint are barred by the equitable doctrine of laches.

7. One or more claims for relief in the Complaint are barred under California Business & Professions Code sections 1660 and 17200.

8. One or more claims for relief in the Complaint are barred because the information alleged to constitute trade secrets does not in fact constitute trade secrets.

9. One or more claims for relief in the Complaint are barred because Plaintiffs' conduct constitutes an unreasonable restraint of trade and an unlawful attempt to prevent Defendant from the lawful pursuit of her profession.

10. One or more claims for relief in the Complaint are barred because Plaintiffs' conduct constitutes a violation of California Business & Professions Code section 17200.

11. One or more claims for relief in the Complaint are barred as a result of Plaintiff's own repudiation and attempted termination and/or rescission of such contracts.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STRETT, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

12. One or more claims for relief in the Complaint are barred because Defendant's alleged conduct was justified.

13. One or more claims for relief in the Complaint are barred because Defendant's alleged conduct was privileged under California Civil Code section 47(b).

14. One or more claims for relief in the Complaint are barred because Defendant's alleged act or practice in relation to the unfair competition claim (which act and practice Defendant expressly denies) was not unlawful, fraudulent, or unfair.

## COUNTERCLAIMS

Defendant and Counterclaimant ANNE S. HALE (hereinafter "Hale") hereby sues, complains, and alleges against Plaintiffs and Counterdefendants ANIMAL BLOOD BANK, INC. ("ABB"), and MICHAEL W. KAUFMAN and PATRICIA M. KAUFMAN ("the Kaufmans"),[4] and DOES 1 through 10 (collectively "Counterdefendants") as follows:

1. Hale incorporates the foregoing responses and defenses as though fully set forth herein.

### Parties

2. Hale is an individual residing in Stockbridge, Ingram County, Michigan. Hale is a shareholder of ABB and holder of record of 23.66 percent of the outstanding shares of ABB. Hale is a Director of ABB.

3. ABB is a corporation organized and existing under the laws of the State of California, having its principal place of business located at 1150 Business Park Drive, #11, Solano County, California.

4. Michael W. Kaufman is an individual residing in Orland, Glenn County, California. Michael W. Kaufman is a member of the Board of Directors of ABB, and is an officer and shareholder of ABB. Michael W. Kaufman is sued herein in his capacity as an officer of ABB and individually.

5. Patricia M. Kaufman is an individual residing in Orland, Glenn County, California. Patricia M. Kaufman is a member of the Board of Directors of ABB, and is an

---

[4] ABB and the Kaufmans are referred to hereinafter collectively as "Counterdefendants."

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

officer and shareholder of ABB. Patricia M. Kaufman is sued herein in her capacity as an officer of ABB and individually.

6. Hale is informed and believes, and based thereon alleges, that at all relevant times mentioned herein, each of the Counterdefendants was the agent and employee of each of the remaining Counterdefendants, and in doing the things hereinafter alleged, was acting in the course and scope of such agency and employment.

**Jurisdiction and Venue**

7. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. section 1367(a), as well as 28 U.S.C. section 1332 based on diversity of the parties.

8. This Court has personal jurisdiction over Counterdefendants by virtue of their filing of the Complaint and appearance in this action, as well as their regularly conduct of business in California.

9. Venue is appropriate in this judicial district under 28 U.S.C. 1391 based on the filing of the Complaint, because a substantial part of the acts or omissions giving rise to Hale's claims occurred in such district, and because Counterdefendants are subject to personal jurisdiction in this district.

**Factual Background**

10. On July 16, 2008, a merger (hereinafter "the Merger") was effectuated whereby the following companies merged, with ABB being the surviving corporation: Animal Blood Bank, Inc., a California Corporation ("ABB-1"); Midwest Animal Blood Services, Inc., a Michigan Corporation ("MABS"), and DCPB Fractionation Company, a Michigan Limited Liability Company ("DCPB"). Prior to the Merger, the Kaufmans were the sole shareholders and directors of ABB-1, Hale was the sole shareholder and director of MABS, and Hale and the Kaufmans each had a 50% membership interest in DCPB.

11. Prior to the Merger, Hale and the Kaufmans engaged in lengthy discussion and negotiation. During those discussions, the Kaufmans represented to Hale that they desired the Merger for the purpose of ensuring the future of their business, ABB-1, following their retirement, which they represented was forthcoming. Hale agreed to the Merger, in part, based

on those representations. Hale is informed and believes and based thereon alleges that such representations were false.

12. On June 3, 2008, ABB-1, MABS, DCBP, the Kaufmans, and Hale entered into a Plan and Agreement of Merger (hereinafter "the Merger Agreement") to effectuate the Merger. A true and correct copy of the Merger Agreement is attached as Exhibit A to the Complaint on file in this action, and is incorporated herein by this reference. Pursuant to the Merger Agreement and by operation of law, ABB succeeded to all of the rights, assets, liabilities, and obligations of MABS and DCBP in accordance with the California Corporations Code.

13. On June 3, 2008, the Kaufmans and Hale entered into a Shareholder Agreement (hereinafter "the Shareholder Agreement"). A true and correct copy of the Shareholder Agreement, without the attachments referenced therein, is attached as Exhibit B to the Complaint on file in this action, and is incorporated herein by this reference. The Shareholder Agreement contains the following provisions:

(a) ". . . [W]hile both Patricia Kaufman and Michael Kaufman are serving as directors, each of the Shareholders agrees to vote his or her shares in the Corporation for the election of one additional person nominated by Anne S. Hale to serve as a director of the Corporation. At any time that Patricia Kaufman and Michael Kaufman are serving as directors, Anne S. Hale may nominate a person to serve as the fourth director of the Corporation, whereupon the Shareholders shall take immediate action to appoint that nominee to the Board of Directors of the Corporation."

(b) "The Shareholders, shall vote for the election of the officers of the Corporation. For such time as they are able and willing to serve as officers of the Corporation, the Shareholders agree to elect the following persons to the following offices:

President and Chief Executive Officer: Anne S. Hale

Secretary: Patricia Kaufman

Chief Financial Officer: Michael Kaufman"

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

JOHNSON SCHACHTER & LEWIS

A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

(c) "The Shareholders agree to amend the Articles of Incorporation of the Corporation to provide that none of the following actions may be taken by them or by the Corporation without the unanimous approval of the Shareholders.  To the extent that the following actions require approval of the Board of Directors of the Corporation, the Shareholders acknowledge that they wish to restrict the Board from taking those actions and that the Shareholders shall reserve to themselves the right and authority to authorize such actions.  The actions to which this paragraph applies follow:  . . . The incurring of any liability for borrowed money exceeding $5,000.00 in principal amount, whether in a single transaction or a series of transactions with the same lender occurring within any 12-month period. . .The incurring of any capital expenditure or commitment or a capital expenditure in excess of $5,000.00 in a single transaction or a series of transactions with the same vendor or for the same class of goods, within any 12-month period. . . Any change in the terms of employment of any officer of the Corporation."

(d) "This Agreement may be terminated only by the express written consent of all of the Shareholders."

14.     Following the Merger, the Kaufmans caused ABB to take various actions without the required shareholder vote including but not limited to expenditures in excess of $5,000.00 on numerous occasions.

15.     Following the Merger, the Kaufmans unreasonably interfered with and failed and/or refused to participate in the activities of ABB, rendering it difficult for Hale to perform her duties as director, shareholder, and employee of ABB.

16.     In or about March 2010, Hale notified the Kaufmans of her nomination of a fourth director pursuant to the Shareholder Agreement, and attempted repeatedly thereafter to schedule a shareholder vote to appoint such director.  The Kaufmans failed and refused to take immediate action to appoint the fourth director as required under the Shareholder Agreement.

17.     The Kaufmans scheduled a Board meeting on April 28, 2010.  The Kaufmans

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

refused to allow Hale to have her legal counsel participate in or be present at in the April 28, 2010 meeting despite the fact that the Kaufmans were themselves represented by legal counsel during that meeting.

18. Counterdefendants acted wrongfully and improperly at the April 28, 2010 meeting, including but not limited to the following: again refusing to take action to appoint the fourth director as nominated by Hale; wrongfully, forcibly, and improperly removing Hale from her position as an Officer of ABB, placing her on administrative leave, and launching an internal investigation by a committee consisting solely of the Kaufmans as majority shareholders; and allowing other improper votes, resolutions, and actions, in each case after Hale stated that she would not vote in favor of those actions.

19. Following the April 28, 2010 Board meeting, Counterdefendants eliminated Hale's access to corporate and business information, prohibited Hale from contacting ABB employees, and prohibited Hale from taking action as President and Chief Executive Officer of ABB, resulting in the constructive discharge from her position as an officer and employee of ABB.

20. Since the April 28, 2010 Board meeting, Counterdefendants have failed and refused to provide and/or allow Hale to exercise the rights and privileges to which she is entitled as Director and minority shareholder of ABB. Notwithstanding that fact, Hale is informed and believes and based thereon alleges that the Kaufmans have misrepresented to others that Hale remains an active member of the Board of Directors of ABB.

21. Since the April 28, 2010 Board meeting, Counterdefendants have failed and refused to provide documents and/or information to which Hale is and was entitled as a director and shareholder of ABB.

22. Counterdefendants failed and refused to pay corporate debts and obligations of ABB, including but not limited to rent on a property lease and payments on a bank loan, which liability ABB assumed under the Merger Agreement and by operation of law.

23. Hale is informed and believes, and based thereon alleges, that Counterdefendants contacted Hale's current and/or prospective employers, business clients, customers, donors, and

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

other current and prospective business associates and informed those individuals and entities that Hale was misappropriating and misusing intellectual property, trade secrets, and other proprietary information, knowing such information was false.

24. Counterdefendants, through their agent and attorney, sent the document attached as Exhibit 1 hereto and incorporated herein by this reference.

25. Hale is informed and believes, and based thereon alleges, that the Kaufmans, on behalf of themselves and as agents of ABB, made verbal statements that contained the same or similar statements as those contained in Exhibit 1, to additional third parties, including current and/or prospective employers, business clients, customers, donors, and other current and prospective business associates.

**First Claim for Relief**

(Breach of Contract –

Against Michael W. Kaufman and Patricia M. Kaufman)

26. Hale re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 25.

27. Hale has performed all conditions, covenants, and promises required of her by the Shareholder Agreement.

28. The Kaufmans, and each of them, breached the Shareholder Agreement as follows:

(a) failing and refusing to take immediate action to appoint the fourth director on nomination by Hale, and failing to vote their shares for the election of one additional person nominated by Hale to serve as a director of ABB;

(b) causing ABB to take various actions without the required shareholder vote including but not limited to expenditures in excess of $5,000.00 on numerous occasions;

(c) failing to elect, and in fact taking affirmative steps to remove, Hale from her positions as President and Chief Executive Officer;

(d) failing to amend the Articles of Incorporation of ABB as required by the

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

Shareholder Agreement, and specifically to take such actions as were necessary to effect such amendment;

(e) taking actions that amounted to the constructive discharge of Hale from her employment without the consent required under the Shareholder Agreement; and

(f) terminating the Shareholder Agreement and/or representing that the Shareholder Agreement was no longer in effect, without the express written consent of all shareholders.

29. Hale has performed all conditions, covenants, and promises required of her by the Merger Agreement.

30. The Kaufmans, and each of them, breached the Merger Agreement by failing and refusing to pay corporate debt, specifically payments on a property lease and a loan from Independent Bank, which are the liability of ABB pursuant to the Merger Agreement and by operation of law.

31. As a direct and proximate result of the Kaufmans' breach of the Shareholder Agreement and the Merger Agreement as set forth above, Hale has sustained substantial actual damages to be determined at the time of trial.

**Second Claim for Relief**

(Breach of the Implied Covenant of Good Faith and Fair Dealing – Against Michael W. Kaufman and Patricia M. Kaufman)

32. Hale re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 31.

33. The Shareholder Agreement, to which Hale and the Kaufmans were parties, includes a legally-implied covenant of good faith and fair dealing.

34. The covenant of good faith and fair dealing requires that the Kaufmans act with fairness and good faith with respect to Hale, and not take any action that would prevent Hale from enjoying the benefits of the Shareholder Agreement or that would cause Hale to incur monetary damage.

35. The Kaufmans took actions that constitute a breach of the implied covenant of good faith and fair dealing, including but not limited to the following:

(a) failing to take such actions as were necessary to effect the amendment of the Articles of Incorporation of ABB despite being provided with such documents, and representing to Hale that such amendment would be accomplished;

(b) causing ABB to take various actions without the required shareholder vote including but not limited to expenditures in excess of $5,000.00 on numerous occasions;

(c) failing and refusing to perform their duties as directors and officers of ABB;

(d) failing and refusing to communicate with Hale and refusing to hold regular meetings as requested by Hale for the purpose of conducting the business of ABB;

(e) failing to take immediate action to appoint the fourth director on nomination by Hale for the wrongful purpose of retaining a majority vote and exercising that vote to wrongfully and forcibly remove Hale from her position as an Officer of ABB, place her on administrative leave, launch an internal investigation by a committee consisting solely of themselves as majority shareholders;

(f) thereafter eliminating Hale's access to corporate and business information, prohibiting Hale from contacting ABB employees, and prohibiting Hale from taking action as President and Chief Executive Officer of ABB, resulting in a constructive discharge from her position as an officer and employee of ABB;

(g) failing and refusing to provide and/or allow Hale to exercise the rights and privileges to which she was entitled as Director and minority shareholder of ABB;

(h) improperly representing to others that Hale remains an active member of the Board of Directors of ABB;

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

(i) failing and refusing to provide documents and/or information to which Hale is and was entitled as a Director and shareholder of ABB; and

(j) failing and refusing to pay corporate debts and obligations, including but not limited to rent on a property lease and payments on a bank loan, which liabilities ABB assumed under the Merger Agreement and by operation of law.

36. As a direct and proximate result of the Kaufmans' breach of the implied covenant of good faith and fair dealing, Hale has sustained substantial actual damages to be determined at the time of trial. The Kaufmans' actions have, among other things, depressed the value of ABB, depressed the value of Hale's shares of ABB, prevented Hale from receiving the full amount of profit due her, deteriorated ABB's goodwill, adversely affected ABB's financial condition, and damaged Hale's professional reputation.

**Third Claim for Relief**

(Breach of Fiduciary Duty –

Against Michael W. Kaufman and Patricia M. Kaufman)

37. Hale re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 36.

38. As directors and officers of ABB, the Kaufmans owe ABB and its shareholders and directors, including Hale, the duty to exercise a high degree of honesty, undivided loyalty, fairness, and due care in the management and administration of the business and affairs of ABB, and in the use and preservation of its property and assets. In taking the actions set forth above and alleged herein, the Kaufmans violated that duty and acted in bad faith by negligently, knowingly, and/or intentionally acting or failing to act in a manner that created the risk of and/or caused serious injury to ABB and Hale.

39. As a direct and proximate result of the Kaufmans' breach of their fiduciary duties, Hale has sustained substantial actual damages to be determined at the time of trial. The Kaufmans' actions have, among other things, depressed the value of ABB, depressed the value of Hale's shares of ABB, prevented Hale from receiving the full amount of profit due her,

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

deteriorated ABB's goodwill, adversely affected ABB's financial condition, and damaged Hale's professional reputation.

**Fourth Claim for Relief**

(Violation of California Corporations Code section 1602 –
Against All Counterdefendants)

40. Hale re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 39.

41. Hale has the absolute right, as a Director of ABB under California Corporations Code section 1602, to inspect and copy all books, records and documents of the corporation. Counterdefendants have improperly denied Hale that right following the wrongful and forcible removal of Hale from her positions as ABB's President and Chief Executive Officer.

42. Hale made demand for inspection and copying of certain financial information of ABB on repeated occasions through her attorney. Counterdefendants failed and refused to comply with such demands.

43. As a direct and proximate result of the Counterdefendants' refusal of Hale's inspection demand, Hale has sustained substantial actual damages to be determined at the time of trial. Hale further requests, pursuant to Section 1603, that the Court enforce the right of inspection under just and proper conditions, appoint one or more competent inspectors or accountants to audit ABB's books and records and investigate ABB's property, funds, and affairs. Hale further requests attorney fees pursuant to Section 1604.

**Fifth Claim for Relief**

(Intentional Interference With Prospective Economic Advantage –
Against All Counterdefendants)

44. Hale re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 43.

45. An economic relationship existed between Hale and other third parties, including individuals and business entities, which contained a probable future economic benefit or advantage to Hale.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

46. Counterdefendants were aware of the economic relationship between Hale and such other third parties.

47. Counterdefendants intentionally contacted such other third parties and informed them that Hale was misappropriating and misusing intellectual property, trade secrets, and other proprietary information. Counterdefendants knew or should have known that such information was false, and intended to interfere with or disrupt the economic relationship between Hale and such other third parties.

48. Counterdefendants intentionally failed to make payments for corporate debts, including but not limited to a property lease and a bank loan. Counterdefendants knew or should have known that such failure was wrongful and improper, and intended to interfere with or disrupt the economic relationship between Hale and the third parties associated with such obligations.

49. In taking the actions set forth above, Counterdefendants actually interfered with and/or disrupted the economic relationship between Hale and such other third parties.

50. Counterdefendants acted in bad faith and with malice and oppression in intentionally interfering with the prospective economic advantage to Hale in an effort to threaten, harass, frighten, embarrass, and intimidate Hale.

51. As a direct and proximate result of the conduct of Counterdefendants in intentionally interfering with the prospective economic advantage to Hale as set forth above, Hale has sustained actual damages and is further entitled to punitive damages, the amounts of each to be determined at the time of trial.

**Sixth Claim for Relief**

(Negligent Interference With Prospective Economic Advantage –
Against All Counterdefendants)

52. Hale re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 51.

53. An economic relationship existed between Hale and other third parties, including individuals and business entities, which contained a probable future economic benefit or

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

advantage to Hale.

54. Counterdefendants were aware of the economic relationship between Hale and such other third parties.

55. Counterdefendants negligently contacted such other third parties and informed them that Hale was misappropriating and misusing intellectual property, trade secrets, and other proprietary information. Counterdefendants failed to exercise due care in taking such actions because they knew or should have known that such information was false and that their conduct would interfere with or disrupt the economic relationship between Hale and such other third parties.

56. Counterdefendants negligently failed to make payments for corporate debts, including but not limited to a property lease and a bank loan. Counterdefendants failed to exercise due care in taking such actions because they knew or should have known that such failure was wrongful and improper, and intended to interfere with or disrupt the economic relationship between Hale and the third parties associated with such obligations.

57. In taking the actions set forth above, Counterdefendants actually interfered with and/or disrupted the economic relationship between Hale and such other third parties.

58. As a direct and proximate result of the conduct of Counterdefendants in negligently interfering with the prospective economic advantage to Hale as set forth above, Hale has sustained actual damages in an amount to be determined at the time of trial.

**Ninth Claim for Relief**

(Accounting –
Against ABB)

59. Hale re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 58.

60. As alleged herein, Counterdefendants breached their fiduciary duties and abused their corporate powers. Counterdefendants wrongfully and forcibly removed Hale from her positions as ABB's President and Chief Executive Officer, placed her on administrative leave, and launched an internal investigation by a committee consisting solely of themselves as

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STRETT, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

majority shareholders of ABB, and thereafter failed and refused to provide and/or allow Hale the rights and privileges to which she was entitled as Director and minority shareholder of ABB. Among other things, Counterdefendants further failed and/or refused to provide documents and/or information to which Hale is entitled, and failed and/or refused to fulfill her duties and obligations as Director of ABB. Notwithstanding such actions, Hale is informed and believes and based thereon alleges that the Kaufmans have improperly represented to others that Hale remained and remains an active member of the Board of Directors of ABB.

61. Hale is informed and believes, and based thereon alleges, that Counterdefendants' actions following the wrongful and forcible removal of Hale as an officer of ABB have harmed ABB financially. Hale is further informed and believes, and based thereon alleges, that the Kaufmans have improperly usurped and/or diverted ABB's opportunities, assets, and/or property for their own personal benefit and to the detriment of ABB and Hale.

62. The full extent and effect of the Kaufmans' misconduct is not fully known, and cannot be known, without a full accounting of ABB's books and records, access to which continues to be denied by the Kaufmans. Accordingly, Hale requests that the Court order a full accounting to allow a complete determination of the true nature and extent of the damages caused by the Kaufmans. Hale further requests that the Court order immediate, unfettered access to all of ABB's corporate books and records.

**Tenth Claim for Relief**

(Violation of Business & Professions Code §17200 –
Against All Counterdefendants)

63. Hale re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 62.

64. Counterdefendants knowingly and wrongfully conspired to and did accuse Hale of unfair competition and of misappropriation and misuse of intellectual property, trade secrets, and other proprietary information, knowing that such accusations were false and defamatory, in an effort to interfere with Hale's operation and/or pursuit of a lawful business, calling, trade, or occupation.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

65. Counterdefendants knowingly and wrongfully conspired to and did take such actions in bad faith and with malice and oppression with an intent to threaten, harass, frighten, embarrass, and intimidate Hale in an effort to interfere with her operation and/or pursuit of a lawful business, calling, trade, or occupation.

66. Counterdefendants knowingly and wrongfully contacted current and/or prospective employers, business clients, customers, donors, and other present and prospective business associates, and informed such individuals and entities of their threat of suit against Hale in an effort to interfere with her operation and/or pursuit of a lawful business, calling, trade, or occupation.

67. Counterdefendants' actions constitute unlawful, unfair, and fraudulent acts as defined in California Business and Professions Code section 17200, *et seq*.

68. Counterdefendants' conduct was intentional, and Counterdefendants were or should have been aware that such conduct is unlawful, unfair, and fraudulent, and would and did cause harm to Hale.

69. As a direct and proximate result of Counterdefendants' ongoing conduct, Hale will suffer immediate and irreparable harm, and has suffered and will continue to suffer harm, including harm that cannot be adequately compensated by money damages.

70. As a further direct and proximate result of Counterdefendants' ongoing conduct, Hale has sustained actual damages and is entitled to punitive damages, the amounts of each to be determined at the time of trial.

**Eleventh Claim for Relief**

(Defamation –

Against All Counterdefendants)

71. Hale re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 70.

72. Counterdefendants knowingly and wrongfully contacted Hale's current and/or prospective employers, business clients, customers, donors, and other current and prospective business associates and informed those clients and customers that Hale was misappropriating and

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

misusing intellectual property, trade secrets, and other proprietary information, knowing that such information was false. Specifically, Counterdefendants, through their agent and attorney, sent the document attached as Exhibit 1 hereto and incorporated by this reference, which document contained defamatory statements.

73. Hale is informed and believes and based thereon alleges that Counterdefendants, through their agent and attorney and/or personally, sent similar letters to additional parties, including current and/or prospective employers, business clients, customers, donors, and other current and prospective business associates.

74. Hale is further informed and believes and based thereon alleges that the Kaufmans, on behalf of themselves and as agents of ABB, made verbal statements that contained the same or similar defamatory information, to additional parties, including current and/or prospective employers, business clients, customers, donors, and other current and prospective business associates.

75. As a result of the false and defamatory statements of Counterdefendants, Hale's business reputation has been damaged.

76. Counterdefendants acted in bad faith and with malice and oppression in making such false and defamatory statements, in an effort to threaten, harass, frighten, embarrass, and intimidate Hale.

77. As a direct and proximate result of the defamatory statements of Counterdefendants, Hale has sustained actual damages and is entitled to punitive damages, the amounts of each to be determined at the time of trial.

**Twelfth Claim for Relief**

(Involuntary Dissolution under California Corporations Code section 1800)

78. Hale re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 77.

79. ABB is not subject to the Banking Law, Public Utilities Law, Savings and Loan Association Act, or Insurance Code sections 1010 – 1062.

80. ABB has three shareholders as follows: Michael W. Kaufman; Patricia M.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

Kaufman; and Hale.

81. Hale is a shareholder and holder of record of 2,366 of ABB's 10,000 outstanding common shares, and is entitled to maintain an action for involuntary dissolution of ABB pursuant to Corporations Code section 1800 as a shareholder and holder of record of 100% of the total number of outstanding common shares exclusive of the shares owned by the Kaufmans, who personally participated in transactions enumerated in Section 1800(b)(4), as set forth below.

82. Grounds for involuntary dissolution exist under section 1800(b)(3) as follows: there is internal dissension between two factions of the shareholders in ABB (Hale on the one hand and the Kaufmans on the other), such that the business of ABB can no longer be conducted with advantage to all shareholders.

83. Grounds for involuntary dissolution exist under section 1800(b)(4) as a result of the actions of the Kaufmans that constitute persistent and pervasive fraud, mismanagement or abuse of authority, persistent unfairness toward Hale, and misapplication or waste of property of ABB, including but not limited to the following actions:

(a) failing to take such actions as were necessary to effect the amendment of the Articles of Incorporation of ABB despite being provided with such documents, and representing to Hale that such amendment would be accomplished;

(b) causing ABB to take various actions without the required shareholder vote including but not limited to expenditures in excess of $5,000.00 on numerous occasions;

(c) failing and refusing to perform their duties as directors and officers of ABB;

(d) failing and refusing to communicate with Hale and refusing to hold regular meetings as requested by Hale for the purpose of conducting the business of ABB;

(e) failing to take immediate action to appoint the fourth director on nomination by Hale for the wrongful purpose of retaining a majority vote and exercising that vote to wrongfully and forcibly remove Hale from her position as an

Officer of ABB, place her on administrative leave, launch an internal investigation by a committee consisting solely of themselves as majority shareholders;

(f) thereafter eliminating Hale's access to corporate and business information, prohibiting Hale from contacting ABB employees, and prohibiting Hale from taking action as President and Chief Executive Officer of ABB, resulting in a constructive discharge from her position as an officer and employee of ABB;

(g) failing and refusing to provide and/or allow Hale to exercise the rights and privileges to which she was entitled as Director and minority shareholder of ABB;

(h) improperly representing to others that Hale remains an active member of the Board of Directors of ABB;

(i) failing and refusing to provide documents and/or information to which Hale is and was entitled as a Director and shareholder of ABB;

(j) failing and refusing to pay corporate debts and obligations, including but not limited to rent on a property lease and payments on a bank loan, which liabilities ABB assumed under the Merger Agreement and by operation of law;

(k) making defamatory statements to third parties, including current and/or prospective employers, business clients, customers, donors, and other current and prospective business associates.

84. The Kaufmans have collective control over the corporation. The Kaufmans, and each of them, have personally participated in actions that constitute persistent and pervasive fraud, mismanagement, and abuse of authority, as set forth above. The Kaufmans, and each of them, have also personally participated in actions that constitute persistent unfairness toward Hale, as set forth above. Hale is informed and believes, and based thereon alleges, that the Kaufmans have also personally participated in actions that constitute misapplication and/or waste of property.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

85. Pursuant to California Corporations Code section 1800(b)(5), liquidation of ABB is reasonably necessary for the protection of the rights and interests of Hale.

86. An involuntary dissolution of ABB is necessary to protect the rights and interests of Hale.

87. Hale therefore and hereby requests that the Court grant involuntary dissolution of ABB to protect her rights and interests.

**Thirteenth Claim for Relief**

(Appointment of Receiver and Injunctive Relief)

88. Hale re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 87.

89. Unless a receiver for ABB is appointed, the interests of ABB and its shareholders will suffer pending the hearing and determination of this Claim. Accordingly, pursuant to California Code of Civil Procedure sections 556 and 567, and California Corporations Code section 1803, it is necessary to appoint a receiver to take over and manage the business and affairs of ABB and to preserve their property pending the hearing and determination of this Claim.

90. It is impractical and impossible for Hale to protect its interests without the appointment of a receiver who has the power and authority to take over and manage its affairs during the pendency of this litigation.

90. There is no plain, adequate or speedy remedy at law for the enforcement of Hale's rights and to protect the interests of the business of ABB. Unless a receiver is appointed, Hale will suffer irreparable damage, injury, and harm.

91. For the purposes of taking over and managing the business operations and activities of ABB during the pendency of this involuntary dissolution proceeding, Hale requests the appointment of a receiver for that purpose.

92. Unless restrained and prevented by the Court in the exercise of its equitable jurisdiction to enter appropriate injunctive orders, Counterdefendants' conduct will cause irreparable harm and injury to Hale. Accordingly, Hale requests that the Court issue injunctive

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

relief, as necessary, to facilitate the receiver's appointment and performance of the receiver's duties.

WHEREFORE, Hale prays that judgment be entered against Counterdefendants, and each of them, as follows:

1. For actual and compensatory damages in an amount according to proof at trial;

2. For punitive and exemplary damages in an amount to be determined as appropriate to punish Counterdefendants and to deter like conduct;

3. For statutory damages according to proof;

4. For pre-judgment interest;

5. That the Court order an accounting so that the assets and liabilities of ABB may be properly evaluated and for payment over to Hale of any amount due as a result of the accounting;

6. That the Court decree a winding up and dissolution of ABB;

7. That a receiver be appointed with general powers to take possession of the funds and assets of ABB to manage, control, care for, preserve, maintain, and incur the expenses necessary for the management, control, care, preservation, and maintenance of the income and funds of ABB;

8. That the Court make such ancillary orders and decrees as may be necessary to effectuate the winding up and dissolution of ABB;

9. That the Court restrain Counterdefendants, and each of their agents, employees, and all other persons acting in concert with or for them, from the following: committing or permitting any waste of the business of ABB or removing, transferring, encumbering, or otherwise disposing of any of the real or personal property of ABB; demanding, collecting, receiving, discounting, or in any other way diverting or using the revenues of ABB, if any; directly or indirectly interfering, in any manner, with the discharge of the receiver's duties; expending, disbursing transferring, assigning, selling, conveying, devising pledging, mortgaging, creating a security interest in encumbering, concealing, or in any manner dealing in or disposing of any property of ABB without prior Court order; and doing any act that will impair, defeat,

divert, prevent, or prejudice the preservation of ABB and its revenues, or the preservation of Hale's interest in ABB and its revenues;

10. That the Court require Counterdefendants, and each of their agents, employees, and all other persons acting in concert with or for them, to: relinquish and turn over possession of the business property, including bank accounts, of ABB to the receiver on appointment; and turn over to the receiver all keys, and the original leases, contracts, agreements, instruments, books, records, books of account, ledgers, operating statements, budgets, tax bills, and all other business records, wherever located and however maintained;

11. For attorney fees and costs of suit incurred herein; and

12. For such other relief as the Court may deem proper.

**Demand for Jury Trial**

Hale hereby demands a trial by jury.

Dated: October 8, 2010

JOHNSON SCHACHTER & LEWIS
A Professional Law Corporation

By: /s/ Kellie M. Murphy
KELLIE M. MURPHY
Attorneys for Defendant ANNE S. HALE

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

**PROOF OF SERVICE**

**CASE NAME:** **Animal Blood Bank, et al. v. Hale**
**CASE NO.:** **USDC Eastern District, Case No.: 2:10-cv-02080-FCD-KJN**

I am employed in the County of Sacramento. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 2180 Harvard Street, Suite 560, Sacramento, CA 95815.

I am familiar with this office's practice whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection area. Each day's mail is collected and deposited in a United States mailbox after the close of each day's business.

On the date set forth below, I served the following: **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS**

_ United States Mail - on all parties in said action by placing a true copy of the above described document(s) enclosed in a sealed envelope in the designated area for outgoing mail addressed as set forth below.

_ By FACSIMILE (telecopier) - by personally sending to the addressee's facsimile number a true copy of the above-described document(s).

X ELECTRONIC SERVICE - by causing such document to be served electronically to the addressees listed below.

_ Federal Express - on all parties in said action by placing a true copy of the above-described document(s) in an authorized area for pick-up by an authorized express service courier the same day it is collected and processed in the ordinary course of business as set forth below.

_ Personal Service - By personally delivering or causing to be delivered a true copy of the above-described document to the person(s) and at the address(es) set forth as shown below.

Kevin T. Collins, Esq.
Marc B. Koenigsberg, Esq.
Greenberg Traurig, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
(916) 442-1111
FAX (916) 448-1709

Attorneys for Animal Blood Bank, Michael W. Kaufman and Patricia M. Kaufman

X FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 8, 2010 at Sacramento, California.

/s/ Susan M. Aldridge
SUSAN M. ALDRIDGE