IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANIMAL BLOOD BANK, INC., et al.,

    Plaintiffs,                    No. 2:10-cv-02080-KJM-KJN

    vs.

ANNE S. HALE,

    Defendant.                   <u>ORDER</u>

_____/

        On July 7, 2011, at the request of the parties, Magistrate Judge Kendall J. Newman presided over in an informal telephonic discovery conference.[1] By the parties' consent, the conference occurred off-the-record. Attorney Marc Koenigsberg attended on behalf of the plaintiffs Animal Blood Bank, Inc. and Michael and Patricia Kaufman (the "plaintiffs"). Attorney Kellie Murphy attended on behalf of the defendant Anne S. Hale (the "defendant"). For the reasons given to the parties during the informal conference, the court orders the following:

        1.    Defendant's counsel will investigate whether documents on defendant's personal laptop can be organized and/or imaged to include folders, directories, etc., so as to enable plaintiffs to navigate the approximately 18,000 documents copied from the laptop and to allow defendant to direct plaintiffs to specific folders, directories, Bates-stamp number ranges,

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

etc., in identifying documents responsive to plaintiffs' discovery requests.

2. Within two weeks of the date of this order, defendant's counsel shall inform plaintiffs' counsel in writing as to whether the documents on defendant's personal laptop can be organized and/or imaged in the manner described above. If it becomes clear that the documents on defendant's personal laptop *can* be organized and/or imaged in the manner described above, within one week thereafter defendant shall produce the responsive documents held on defendant's personal laptop. Defendant may choose to specifically identify the folders, directories, or Bates ranges of the responsive documents rather than reprinting and producing them. If it becomes clear that the documents on defendant's personal laptop *cannot* be organized and/or imaged in the manner described above, defendant may present alternative proposals regarding the organization of the 18,000 documents on her laptop for purposes of discovery in this case. If defendant fails to make acceptable alternative proposals, the court may order defendant herself to review and organize the 18,000 documents and identify which individual documents are responsive to plaintiffs' discovery requests.

3. Within seven days of the date of this order, all counsel shall meet and confer regarding terms of a protective order designed to help alleviate various privacy concerns and objections in this case. The parties are directed to Local Rule 141.1. Such a protective order shall be signed within seven days of commencing this meet and confer process.

4. Within seven days of the date of this order, all counsel shall meet and confer regarding the specific contents of an "updated" declaration from defendant Hale regarding the use of her personal laptop since September 14, 2010. (Dkt. No. 12-2, ¶ 5.) Within seven days after counsel commence the meet and confer process regarding the desired content of defendant Hale's updated declaration, defendant Hale shall sign the declaration. If counsel are unable to agree on the specific contents of the declaration, the parties may file the necessary motion(s), including, but not limited to, a motion requesting a re-imaging of plaintiff's laptop.

////

5. Defendant is to produce a revised privilege log by Monday, July 11, 2011, to remedy the "minor" defects therein, as the parties have met and conferred about and as discussed during the informal conference.

6. Within seven days of the date of this order, defendant's counsel is to contact defendant Hale's accountant, who is apparently in possession of certain documents, and inquire about the status of those documents. Within seven days of defendant's counsel's contact with defendant's accountant on this issue, defendant's counsel is to communicate to plaintiffs' counsel in writing regarding the status of these documents and provide an update on their production. If defendant's accountant is not responsive, counsel for either party shall inform the court and may seek the further intervention of the undersigned.

7. The hearing currently set for July 14, 2011, at 10:00 a.m., in Courtroom 25 is hereby vacated.

IT IS SO ORDERED.

DATED: July 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE