1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANIMAL BLOOD BANK, INC., et al.,

12            Plaintiffs,                   No. 2:10-cv-02080-KJM-KJN

13       vs.

14   ANNE S. HALE,

15            Defendant.                    <u>ORDER</u>

16   _____/

17            On August 3, 2011, plaintiffs Animal Blood Bank, Inc. and Michael and Patricia

18   Kaufman (the "plaintiffs") filed a "Notice of Filing Bankruptcy Upon The Record As To

19   Defendant Anne. S. Hale".[1]  (Dkt. No. 44.)  It appears that defendant Hale filed for Chapter 7

20   Bankruptcy in January 2011, and thus that the automatic stay presumably is in effect with regard

21   to this civil action currently pending against defendant Hale.

22            Several motions are pending in this case.[2]  One such motion, plaintiffs' "Motion

23   To Compel Further Responses To Plaintiffs' Requests For Production And To Compel

24   _____

25       [1]   This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

26       [2]  Defendant's counsel's Motion To Withdraw As Attorney And Modify Pretrial
     Scheduling Order (Dkt. No. 41) is set to be heard by District Judge Mueller on August 31, 2011.

1   Compliance With The Court's July 8, 2011 Order," is set for hearing before the undersigned on

2   August 25, 2011.  (Dkt. No. 38.)  The Pretrial Scheduling Order currently in effect establishes

3   August 31, 2011, as the discovery cutoff date.  (Dkt. No. 30.)

4              Given defendant's apparent Chapter 7 bankruptcy (Dkt. No. 44) and the likelihood

5   that the automatic stay applies to this case, it appears that the undersigned cannot properly hear

6   plaintiffs' motion to compel on August 25, 2011.  Given the close proximity of the discovery

7   cutoff date (August 31, 2011), however, to avoid prejudice to plaintiffs, the undersigned will not

8   immediately vacate the August 25, 2011 hearing date.

9              Instead, the undersigns orders plaintiffs to file a short statement (the "Statement"),

10  no longer than three pages in length, addressing: (a) plaintiffs' position(s) regarding whether

11  defendant Hale's apparent Chapter 7 bankruptcy automatically stays this civil case; and (b)

12  whether plaintiffs contend the undersigned can properly hear plaintiffs' motion to compel on

13  August 25, 2011.[3]  Defendant may, but is not required to, file her own Statement regarding

14  defendant's positions on these two issues.  The Statement(s) shall be filed as soon as possible,

15  but in no event later than August 15, 2011.

16             After receipt of the Statement(s), the undersigned will issue an order clarifying

17  whether the undersigned will hear plaintiff's motion to compel on August 25, 2011.

18             IT IS SO ORDERED.

19  DATED:  August 8, 2011

20

21

22  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

23

24

25       [3]  If plaintiffs contend that, for some reason, this case has not been automatically stayed
    such that the undersigned can properly hear plaintiffs' motion to compel on August 25, 2011,
26  plaintiffs' Statement should include citations to legal authority supporting the position.

2