IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANIMAL BLOOD BANK, INC., et al.,

    Plaintiffs,   No. 2:10-cv-02080-KJM-KJN

  vs.

ANNE S. HALE,

    Defendant.   ORDER

_____/

        On August 3, 2011, plaintiffs Animal Blood Bank, Inc. and Michael and Patricia Kaufman (the "plaintiffs") filed a "Notice of Filing Bankruptcy Upon The Record As To Defendant Anne. S. Hale".[1] (Dkt. No. 44.)  It appears that defendant Hale filed for Chapter 7 Bankruptcy in January 2011, and thus that the automatic stay is in effect with regard to this civil action currently pending against defendant Hale.

        Plaintiffs' "Motion To Compel Further Responses To Plaintiffs' Requests For Production And To Compel Compliance With The Court's July 8, 2011 Order," is set to be heard by the undersigned on August 25, 2011.  (Dkt. No. 38.)  The Status (Pretrial Scheduling) Order (the "PTSO") currently in effect establishes August 31, 2011, as the discovery cutoff date.  (Dkt.

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

No. 30.)

The undersigned recently ordered plaintiffs to file a short statement (the "Statement"), no longer than three pages in length, addressing: (a) plaintiffs' position(s) regarding whether defendant Hale's apparent Chapter 7 bankruptcy automatically stays this civil case; and (b) whether plaintiffs contend the undersigned can properly hear plaintiffs' motion to compel on August 25, 2011.  (Dkt. No. 45.)

Plaintiffs timely filed a Statement addressing these issues and expressed their belief that their civil action against defendant is "stayed by virtue of the automatic stay." (Statement, Dkt. No. 46 at 2.)  Plaintiffs also stated that "such automatic stay extends to the motion to compel" filed by plaintiffs and set to be heard on August 25, 2011.  (Id.)  Accordingly, because there is no apparent dispute regarding whether the automatic stay applies to plaintiffs' pending discovery motion, the undersigned vacates the hearing currently set for August 25, 2011.

In the portion of their Statement complying with part (a) of the undersigned's order (Dkt. No. 45), plaintiffs expressed a belief that, while the automatic bankruptcy stay appears to encompass *their* claims against defendant, it may not stay *defendant's* counterclaims against plaintiffs.  (Id. at 1-2.)  Plaintiffs nonetheless suggest that this entire action, including defendant's counterclaims against plaintiffs, should be stayed so as to allow for a single adjudication of all claims.  (Id.)  Relatedly, plaintiffs also suggest that all discovery deadlines be extended or, alternatively, that discovery be expedited.  (Id.)

The undersigned clarifies that if plaintiffs wish to request that the entire action be stayed and/or that the deadlines in the PTSO be amended, plaintiffs must properly raise these issues before United States District Judge Mueller (i.e., via motion(s) requesting a stay of the entire action and/or amendment of the PTSO).  The undersigned clarifies that plaintiffs' Statement (Dkt. No. 46) does not suffice as a motion regarding either issue, and also clarifies that the undersigned does not have the authority to reach non-discovery issues in this action.  See Local Rule 302(c)(1).

1  For the foregoing reasons, IT IS HEREBY ORDERED that:

2  1.  Plaintiff's motion to compel (Dkt. No. 38) shall be held in abeyance in light of the automatic stay effectuated by defendant Hale's bankruptcy filing, and will be dropped from this court's law and motion calendar.  The hearing currently set for August 25, 2011, is vacated.

IT IS SO ORDERED.

DATED:  August 19, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE