1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANIMAL BLOOD BANK, INC., a
     California corporation, et al.,

11
              Plaintiffs,                    No. 2:10-cv-02080 KJM KJN

12
         v.

13
     ANNE S. HALE, an individual,

14
              Defendant.                     ORDER & ORDER TO SHOW CAUSE

15   _____/

16            Presently before the court is plaintiffs' renewed motion to compel further

17   production of documents and compliance with the court's order entered on July 8, 2011.[1]  (Pls.'

18   Mot. to Compel, Dkt. No. 60; Order, July 8, 2011, Dkt. No. 37.)  Plaintiffs renewed their motion

19   to compel with leave of court; the motion had been held in abeyance pending the lifting of a

20   bankruptcy stay triggered by defendant's voluntary Chapter 7 bankruptcy petition in the U.S.

21   Bankruptcy Court for the Eastern District of Michigan.  (See Order, Aug. 22, 2011, Dkt. No. 47;

22   Order, Mar. 28, 2012, Dkt. No. 59.)  Neither defendant nor the Chapter 7 bankruptcy trustee,

23   Michael A. Mason, opposed or otherwise responded to plaintiffs' motion to compel.

24            The court heard this matter on its civil law and motion calendar on May 3, 2012.

25   _____

26        [1]  This case was referred to the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

                                          1

1  Attorney Marc Koenigsberg appeared on behalf of plaintiffs.  No appearance was made by or on

2  behalf of defendant or the Chapter 7 bankruptcy trustee.

3          It readily appears from plaintiffs' status reports and Mr. Koenigsberg's declaration

4  that defendant has ceased to participate in this litigation and is avoiding or rebuffing plaintiffs'

5  counsel's attempts to communicate with defendant in an effort to move this case forward.  (See

6  generally Koenigsberg Decl., Dkt. No. 64; see also Pls.' Status Report, Mar. 13, 2012, at 1 &

7  Ex. A, Dkt. No. 58; Pls.' Am. Status Report, Apr. 10, 2012, at 1, Dkt. No. 63; accord Order,

8  Mar. 28, 2012, at 2 ("Plaintiffs have filed a report and represented that defendant refuses to

9  participate further in this litigation.").)  Additionally, defendant failed to respond to an order

10  entered by the district judge presiding over this case, which warned defendant of the potential

11  sanctions of default as to plaintiffs' claims and dismissal of defendant's counterclaims if

12  defendant failed to participate in this case.  (See Order, Mar. 28, 2012, at 2.)

13          Mr. Mason, the Chapter 7 bankruptcy who "owns" or controls defendant's

14  counterclaims in this case, has been similarly absent and non-responsive.  Mr. Mason has not

15  given the court any indication whether he intends to pursue defendant's counterclaims.

16          As a result of the foregoing, plaintiffs' motion to compel has essentially been

17  transformed into a motion for a default judgment on plaintiffs' claims against defendant.  (See

18  Koenigsberg Decl. ¶¶ 17-20.)  Plaintiffs' request for the entry of default and a "prove-up" hearing

19  appears to be well-taken in light of defendant's readily apparent intention to cease defending

20  herself in this case.

21          Additionally, it initially appeared to the undersigned that Mr. Mason, and in effect

22  defendant, had abandoned defendant's counterclaims.  Accordingly, the undersigned was inclined

23  to, and still might, recommend the involuntary dismissal of defendant's counterclaims pursuant

24  to Federal Rule of Civil Procedure 41(b) and Local Rule 110.  However, at the May 3, 2012

25  hearing, Mr. Koenigsberg represented to the court that plaintiffs and Mr. Mason might be close

26  to resolution of the counterclaims, with such proposed resolution subject to approval by the

2

1  Bankruptcy Court.

2         Before pursuing the options of default and involuntary dismissal, the undersigned

3  orders defendant and Mr. Mason to show cause why such options are not appropriate.  Defendant

4  and Mr. Mason should construe this order as their last chance to communicate with the court

5  about whether defendant has any intention to defend herself against plaintiffs' claims and

6  whether Mr. Mason intends to pursue defendant's counterclaims.  A response by defendant or

7  Mr. Mason is no guaranty that the court will not pursue the options of default and dismissal.  If

8  defendant, Mr. Mason, or both, respond to this order to show cause and this case ultimately

9  proceeds, the undersigned will in all likelihood grant plaintiffs' motion to compel and consider

10  the imposition of monetary or evidentiary sanctions on defendant and Mr. Mason, as appropriate.

11         For the foregoing reasons, IT IS HEREBY ORDERED that:

12         1.     No later than May 18, 2012, defendant shall show cause in writing why

13  her answer should not be stricken; her default be entered as to plaintiffs' claims, and, ultimately,

14  a default judgment be entered against defendant after substantive briefing by plaintiffs and a

15  "prove-up" hearing.

16         2.     No later than May 18, 2012, Michael A. Mason, as the Chapter 7

17  bankruptcy trustee who controls defendant's counterclaims, shall show cause in writing why

18  defendant's counterclaims should not be dismissed with prejudice pursuant to Federal Rule of

19  Civil Procedure 41(b) and Local Rule 110.[2]  Mr. Mason may also provide the court with any

20

21         [2] Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply
   with these Rules or with any order of the Court may be grounds for imposition by the Court of any
22  and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Case law
   is in accord that a district court may impose sanctions, *including involuntary dismissal* pursuant to
23  Federal Rule of Civil Procedure 41(b), where a party fails to prosecute his or her case or fails to
   comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See
24  Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to
   dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403
25  F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of
   Civil Procedure 41(b) *sua sponte* for failure to prosecute or comply with the rules of civil procedure
26  or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to

1   other details regarding his intention to pursue defendant's counterclaims.

2          3.     Defendant's failure to file the required writing shall constitute defendant's

3   consent to the striking of her answer and the entry of her default as to plaintiffs' claims.  Such

4   failure shall also constitute defendant's consent to the dismissal of her counterclaims to the

5   extent that defendant retains any control over those counterclaims.

6          4.     Mr. Mason's failure to file the required writing shall constitute Mr.

7   Mason's consent, as the Chapter 7 bankruptcy trustee, to the involuntary dismissal of defendant's

8   counterclaims.

9          5.     No later than May 18, 2012, plaintiffs shall file a writing with the court

10  describing the deadlines in the bankruptcy action that impact this case or might guide the court in

11  terms of scheduling a "prove-up" hearing in connection with a potential default by defendant as

12  to plaintiffs' claims.

13         6.     The Clerk of Court is directed to serve this Order to Show Cause by mail

14  on all of the following people at the addresses listed below:

15                      Anne S. Hale
                        802 S. Clinton Street
16                      Stockbridge, MI  49285

17                      Anne S. Hale
                        19200 Williamsville Road
18                      Gregory, MI  48137

19                      Kevin M. Smith
                        Beadle Smith, PLC
20                      445 S. Livernois Road, Suite 305
                        Rochester Hills, MI 48307
21
                        John L. Gormley
22                      Gormley and Johnson Law Offices, PLC

23
    follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838
24  (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil
    Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the
25  court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d
    829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their
26  dockets and may impose sanctions including dismissal or default), cert. denied, 479 U.S. 829 (1986).

4

1    101 East Grand River Avenue
     P.O. Pox 935
2    Fowlerville, MI 48836

3    Mary G. Falcone
     6420 Farmington Road, Suite 106
4    West Bloomfield, MI 48322

5        IT IS SO ORDERED.

6    DATED:  May 7, 2012

7

8                                        _____
                                         KENDALL J. NEWMAN
9                                        UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26