IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANIMAL BLOOD BANK, INC., a California corporation, et al.,

Plaintiffs,

v.

ANNE S. HALE, an individual,

Defendant.

AND RELATED COUNTERCLAIMS

/

No. 2:10-cv-02080 KJM KJN

ORDER and FINDINGS AND RECOMMENDATIONS

Presently before the court is plaintiffs' renewed motion to compel further production of documents and compliance with the court's order entered on July 8, 2011.[1] (Pls.' Mot. to Compel, Dkt. No. 60; Order, July 8, 2011, Dkt. No. 37.) After a May 3, 2012 hearing on the motion to compel, and having determined that neither defendant nor the Chapter 7 Bankruptcy trustee who "owns" defendant's counterclaims intends to participate in this litigation, the undersigned entered an order to show cause directing defendant to show cause why: (1) her answer should not be stricken; (2) her default not be entered; and (3) her counterclaims not be

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

dismissed with prejudice. (See Order & Order to Show Cause ("OSC"), May 8, 2012, at 3-4, Dkt. No. 66.) The undersigned ordered the Chapter 7 bankruptcy trustee, Michael A. Mason, to similarly show good cause in regards to dismissal of defendant's counterclaims. (Id. at 3.) Neither defendant nor Mason filed a response to the OSC. Accordingly, the undersigned recommends that: (1) the Clerk of Court be directed to strike defendant's answer to plaintiffs' complaint and enter defendant's default; and (2) defendant's counterclaims be dismissed with prejudice. As warned in the OSC, defendant's and Mason's failure to respond to the OSC constitutes their consent to the recommendations stated above. (Id. at 4.)

I. BACKGROUND

The undersigned does not present a labored factual background here. It is sufficient to begin by stating that on March 30, 2012, plaintiffs renewed their motion to compel with leave of court, as the motion had been held in abeyance pending the lifting of a bankruptcy stay triggered by defendant's voluntary Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of Michigan. (See Order, Aug. 22, 2011, Dkt. No. 47; Order, Mar. 28, 2012, Dkt. No. 59.) Neither defendant nor Mason opposed or otherwise responded to plaintiffs' renewed motion to compel.

The court heard plaintiffs' motion to compel on May 3, 2012. No appearance was made by or on behalf of defendant or Mason. As a result, and in light of plaintiffs' declarations, the court entered the above-referenced OSC.

As noted in the OSC, plaintiffs' status reports and their counsel's declarations very strongly indicate that defendant has ceased participating in this litigation and is avoiding or rebuffing plaintiffs' counsel's attempts to communicate with defendant. (See generally Koenigsberg Decl., Dkt. No. 64; see also Pls.' Status Report, Mar. 13, 2012, at 1 & Ex. A, Dkt. No. 58; Pls.' Am. Status Report, Apr. 10, 2012, at 1, Dkt. No. 63; accord Order, Mar. 28, 2012, at 2 ("Plaintiffs have filed a report and represented that defendant refuses to participate further in this litigation.").) Defendant's failure to appear at the hearing on plaintiffs' motion to compel

and her failure to respond to the May 8, 2012 OSC further support the conclusion that defendant lacks any intention to defend herself in this litigation. Moreover, defendant previously failed to respond to an order entered by the district judge, which warned defendant of the potential sanctions of default as to plaintiffs' claims and dismissal of defendant's counterclaims if defendant failed to participate in this case. (See Order, Mar. 28, 2012, at 2.)

Mason, the Chapter 7 bankruptcy trustee who controls defendant's counterclaims in this case, has been similarly absent and non-responsive. Mason also failed to respond to the OSC and has not given the court any indication whether he intends to pursue defendant's counterclaims. Although plaintiffs' most recent notice to the court indicates that two of the plaintiffs and the "Trustee," ostensibly Mason, entered into a purchase agreement vis-a-vis defendant's shares in Animal Blood Bank, Inc. that requires the dismissal of defendant's counterclaims, but also requires approval by the bankruptcy court, Mason has not communicated with the court in this regard. (Pls.' Notice Re: Status of Bankr. Action at 1, Dkt. No. 67.)

As a result of defendant's and Mason's non-participation, plaintiffs' motion to compel has essentially been transformed into a motion for a default judgment as to plaintiffs' claims against defendant. (See Koenigsberg Decl. ¶¶ 17-20.) Additionally, the question of whether defendant's counterclaims should be dismissed with prejudice is squarely before the court.

In issuing the OSC, the undersigned provided defendant and Mason a "*last chance* to communicate with the court about whether defendant has any intention to defend herself against plaintiffs' claims and whether Mr. Mason intends to pursue defendant's counterclaims."[2]

---

[2] The OSC included the following warning:

> Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Case law is in accord that a district court may impose sanctions, *including involuntary*

(OSC at 3 (emphasis added).) And as noted above, the OSC warned that defendant's failure to respond to the OSC would constitute defendant's consent to the striking of her answer, the entry of her default as to plaintiffs' claims, and the dismissal of her counterclaims to the extent that defendant retains any control over those counterclaims. (Id. at 4.) Similarly, the OSC warned Mason that his failure to respond to the OSC would constitute Mason's consent, as the Chapter 7 bankruptcy trustee, to the involuntary dismissal of defendant's counterclaims. (Id.)

II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b) and applicable case law, a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.[3] See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon

---

> *dismissal* pursuant to Federal Rule of Civil Procedure 41(b), where a party fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default), cert. denied, 479 U.S. 829 (1986).

(OSC at 3-4 n.2.)

[3] Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(c) makes Rule 41 applicable to, among other things, counterclaims. Fed. R. Civ. P. 41(c).

Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition). Additionally, a district court may exercise its inherent power to control its dockets and impose sanctions including a default judgment. See, e.g., Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). Furthermore, the court may impose sanctions including dismissal and default where a party fails to comply with a discovery-related order. See Fed. R. Civ. P. 37(b)(2)(A)(v)-(vi).[4]

A court must weigh five factors in determining whether to enter a dismissal or default sanction. See, e.g., Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011); Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Ferdik, 963 F.2d at 1260-61; accord Dreith,648 F.3d at 788. The Ninth Circuit Court of Appeals

---

[4] This court's Local Rules are in accord. See E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."). Insofar as defendant is proceeding without counsel in regards to plaintiff's claims, Local Rule 183(a) provides:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal or default judgment can be a harsh result, the five relevant factors weigh in favor of defaulting defendant in regards to plaintiffs' claims, and dismissing defendant's counterclaims. The first two factors strongly support the sanctions of default and dismissal. Defendant's failure to, among other things, respond to the renewed motion to compel, appear at the hearing on the motion to compel, respond to the OSC, and communicate with plaintiffs' counsel, all despite clear warnings of the potentially harsh consequences for such failures, strongly suggests that defendant has abandoned this action and does not intend to defend against plaintiffs' claims or prosecute her counterclaims. See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). In fact, defendant's bankruptcy counsel informed plaintiffs' counsel by letter that defendant has no intention to participate in this litigation. (See Koenigsberg Decl., Ex. H.) Mason's non-participation in this litigation also indicates that he has no intention of prosecuting defendant's counterclaims. Any further time spent by the court on this case, which defendant and Mason each have demonstrated a lack of any serious intention to pursue or defend, will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers prejudice to an opposing party, should be given weight. Plaintiffs have suffered prejudice in that defendant's and Mason's non-participation in this litigation prevents plaintiffs from further prosecuting their claims and from defending against the counterclaims. Defendant's avoidance of communication with plaintiffs' counsel exacerbates the stagnation of this litigation. Defendant's and Mason's delay of this litigation is unreasonable, and is thus presumed to be prejudicial. See, e.g., In re

Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action. As noted above, the court has actually pursued remedies that are less drastic than a recommendation of dismissal. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied, Malone v. Frank, 488 U.S. 819 (1988). The undersigned refrained recommending the harsh penalties of default and dismissal when defendant initially failed to respond to the renewed motion to compel and failed to appear at the hearing on that motion. The undersigned provided defendant and Mason with a last opportunity to communicate with the court about their intention to proceed in this litigation, but defendant and Mason failed to respond. Moreover, the undersigned warned defendant and Mason in clear terms that their failure to respond to the OSC would result in a recommendation of default and dismissal. Warning a party that failure to take steps towards resolution of a case on the merits will result in dismissal or default satisfies the requirement that the court consider the alternatives. See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citing Malone, 833 F.2d at 132-33). At this point, the undersigned finds no suitable alternative to a recommendation of default and dismissal.

The undersigned recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits. However, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise. Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted). Under the circumstances of this case,

the other relevant factors outweigh the general public policy favoring disposition of actions on their merits. See Ferdik, 963 F.2d at 1263.

III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel (Dkt No. 60) is denied as moot, but without prejudice to re-filing if necessary.

It is HEREBY RECOMMENDED that:

1. The Clerk of Court be directed to: (1) strike defendant and counter-claimant Anne S. Hale's answer (Dkt. No. 8) to plaintiffs' complaint; and (2) enter Hale's default in regards to plaintiffs' affirmative claims. The court will set a briefing schedule and schedule a hearing date for a so-called "prove-up" hearing after resolution of these findings and recommendations, but, in any event, and such hearing will not take place before August 2, 2012.

2. Hale's counterclaims be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District

////

////

////

////

////

Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED: June 12, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE