IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANIMAL BLOOD BANK, INC., a
California corporation, et al.,

       Plaintiffs,                    No. 2:10-cv-02080 KJM KJN

    v.

ANNE S. HALE, an individual,

       Defendant.                ORDER SETTING BRIEFING SCHEDULE

On August 21, 2012, United States District Judge Kimberly J. Mueller issued an order partially adopting the undersigned's Findings and Recommendations.[1] (Order, Dkt. No. 72.)[2] Therein, Judge Mueller directed the Clerk of the Court to: (a) strike defendant Anne S. Hale's answer (Dkt. No. 8) to plaintiffs' complaint; and (b) enter Hale's default with respect to plaintiffs affirmative claims. (Order at 2.) Judge Mueller also referred plaintiffs to the undersigned for purposes of a motion for default judgment. (Id. (citing Local Rule 302(c)(19)).)

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

[2] The District Judge declined to adopt the portion of the Findings and Recommendations ("F&Rs") recommending dismissal of defendant's counterclaims, as that portion was rendered moot during the pendency of the F&Rs when the parties reached a stipulation to dismiss the counterclaims. (Order, Dkt. No. 72 at 2 (citing the parties' Stipulation and Order, Dkt. Nos. 69-70).)

1      Accordingly, the undersigned sets the following briefing schedule:[1]

2      (1)    On or before **September 20, 2012**, plaintiffs shall file their Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). The Motion shall include, but not be limited to, specification of which claim(s) plaintiffs wish to pursue for default judgment purposes, the legal elements of those claims and alleged facts supporting each element, and the legal and factual bases for the damages arising from each claim(s). <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986); <u>DIRECTV, Inc. v. Hoa Huynh</u>, 503 F.3d 847, 854 (9th Cir. 2007) (for default judgment purposes, a defendant is not held to admit facts that are not well-pled or conclusions of law); <u>Abney v. Alameida</u>, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). Plaintiffs shall also identify witnesses they intend to call, if any, and specify the topics those witnesses will address.

(2)    Any opposition to plaintiffs' Motion for Default Judgment shall be filed on or before **October 4, 2012.**

(3)    Any reply in support of plaintiffs' Motion for Default Judgment shall be filed on or before **October 11, 2012.**

(4)    The undersigned shall hear arguments regarding plaintiffs' Motion for Default Judgment (including but not limited to the "prove up" evidence provided within that Motion) at **10 a.m., on October 18, 2012, in Courtroom 25.**

////
////
////

---

[1] Of course, the parties are free to file requests to alter to this briefing schedule. Absent emergencies, however, requests should be made well in advance of the deadline at issue and eleventh-hour requests may be summarily denied. E.D. Local Rules 230(f); 144(d).

IT IS SO ORDERED.

DATED: August 23, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE